[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13836
Non-Argument Calendar
_____

Agency Nos. A98-709-140,
A98-709-141

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2009
THOMAS K. KAHN
CLERK

ALBA LUCIA GARCIA VINASCO,
JENNIFER CASTRO GARCIA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 24, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Alba Lucia Garcia Vinasco and her minor daughter, Jennifer Castro Garcia, petition for review of the Board of Immigration Appeals' order affirming the Immigration Judge's denial of their claims for asylum and withholding of removal.[1]  Garcia contends that she suffered past persecution in Colombia based on her political opinion and her work with the Liberal Party of Colombia.  She asserts that in December 2003 an unknown man threatened to kill her and her daughter if she did not tell him their names.  She also states that she received threatening phone calls from the FARC.

At a hearing before the IJ, Garcia testified about her involvement in a campaign for the Liberal Party's candidate for mayor of Manizales, but she could not remember the date of the elections.  The IJ found that Garcia's testimony about her work in the campaign was very generalized and that it cast doubt on her credibility.  There were some discrepancies between her testimony and the corroborating evidence that she submitted.  Garcia testified that she was just a helper on the campaign, but she presented a letter from the president of the Liberal Board of Caldas stating that she served in a leadership role.

As for the threatening encounter with the unidentified man in December 2003, the IJ found some discrepancies between the police report and Garcia's

---

[1] Alba Lucia Garcia Vinasco ("Garcia") is the lead petitioner; her asylum application included her daughter Jennifer as a derivative applicant.  Therefore, this opinion refers to Garcia.

testimony. For example, Garcia testified that the man held a revolver against her body, but the police report does not even mention that the man had a weapon. Furthermore, Garcia testified that she feared that her daughter would be harmed, but she could not explain why her daughter remained in Colombia for several months after Garcia had fled to the United States.

The IJ discussed a 1996 incident involving some of Garcia's family members who were kidnapped as part of an extortion attempt. Garcia testified that the kidnappers wanted to collect on a personal debt owed by Garcia's brother. The IJ found that the incident did not constitute persecution on account of a political opinion.

The BIA found no clear error in the IJ's factfindings about Garcia's experiences in Colombia. The BIA noted that the IJ had found discrepancies between Garcia's asylum application and her testimony but had stopped short of issuing a formal adverse credibility finding. Instead, the case turned on Garcia's failure to meet her burden of proof. The BIA concluded that evidence of vague telephone threats and the December 2003 incident involving an unknown individual did not amount to past persecution. The BIA doubted Garcia's story that after she and her daughter were threatened at gunpoint they managed to escape without harm by running fifteen feet back into their house. It also agreed with the IJ's conclusion that Garcia had not established a well-founded fear of future

3

persecution.

We review only the BIA's decision except to the extent the BIA expressly adopts the IJ's opinion or reasoning. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the legal issues de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001). We review the factfindings to determine if they are supported by substantial evidence. Al Najjar, 257 F.3d at 1283. We must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1284 (quotation marks omitted).

An alien seeking asylum has the burden of presenting specific and credible evidence that shows past persecution on account of a statutorily protected ground such as political opinion or a "well-founded fear" of future persecution based on that protected ground. See 8 C.F.R. § 208.13(b). We have described persecution as an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation marks omitted).

A petitioner also can establish a well-founded fear of future persecution by "specific, detailed facts showing a good reason to fear that he will be singled out for persecution" on account of a protected ground. Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006).

4

Here, substantial evidence supports the BIA's findings that Garcia failed to establish either past persecution or a well-founded fear of future persecution on account of her political opinion. The threatening phone calls Garcia received from FARC did not amount to past persecution that would compel reversal of the BIA's decision. See Sepulveda, 401 F.3d at 1231. Garcia also failed to establish that the unknown man who threatened her in December 2003 made those threats on account of her political opinion. See Ruiz, 440 F.3d at 1258 (stating that "evidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground"). She did not present specific, detailed facts demonstrating that her political participation with the Liberal Party was causally connected with the harassment or that she had an objective well-founded fear of future persecution based on her political activities. See id.

Because Garcia failed to establish a claim of asylum on the merits, her claim for withholding of removal fails as well. See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1288 n.4 (11th Cir. 2005). She abandoned her claim for CAT relief by not raising it on appeal. See Sepulveda, 401 F.3d at 1228 n.2.

**PETITION DENIED.**